IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FIDELITY BANK OF TEXAS,

Plaintiff,

v. Case No. 1:26-cv-03071-JFR-LF

U.S. EAGLE FEDERAL CREDIT UNION,

Defendant.

**ORDER TO FILE RULE 7.1 DISCLOSURE STATEMENT**

THIS MATTER is before the Court sua sponte. On September 15, 2026, plaintiff Fidelity Bank of Texas filed a complaint invoking the Court's diversity jurisdiction. Doc. 1 ¶¶ 3–6. The complaint states simply that Plaintiff "is a Texas state commercial bank" and that "Defendant U.S. Eagle is a federal credit union based in Albuquerque, New Mexico," but otherwise does not identify the citizenship of the parties. *Id.* ¶ 2.

The Court has an independent obligation to address its own subject-matter jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). To properly allege diversity jurisdiction, parties must be "citizens of different States." 28 U.S.C. § 1332(a)(1). A corporate party is deemed a citizen of every state by which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, the Federal Rules of Civil Procedure require parties in a diversity action to a file a disclosure statement that names and identifies the citizenship of a party. FED. R. CIV. P. 7.1(a)(2). Nongovernmental corporations are also required to identify "any parent corporation and any publicly held corporation owning 10% or more of its stock" or state "that there is no such

corporation." Fed. R. Civ. P. 7.1(a)(1). Rule 7.1 disclosure statements must be filed at the time of a party's pleading or first appearance. Fed. R. Civ. P. 7.1(b).

To date, Plaintiff has not filed a Rule 7.1 disclosure statement. Defendant filed an entry of appearance on October 20, 2026, but has not filed a Rule 7.1 disclosure statement. Additionally, Plaintiff's complaint asserts complete diversity of citizenship but does not identify the states by which the parties are incorporated or the states in which each party has its principal place of business. *See* Doc. 1 ¶¶ 2–4; 28 U.S.C. § 1332(c)(1).

IT IS THEREFORE ORDERED that Plaintiff must file a Rule 7.1 disclosure statement no later than **November 4, 2026.**

IT IS FURTHER ORDERED that Defendant must file a Rule 7.1 disclosure statement at the time it files its answer or other responsive pleading.

Laura Fashing
United States Magistrate Judge